UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:11-CR-06 |
| | ) |
| MARCUS DEVONE COMAGE, *ET AL.* | ) |

# **REPORT AND RECOMMENDATION**

The defendant Hickey has filed a "Motion To Suppress And Memorandum In Support Thereof," (Doc. 35). The defendant Alex Douglas has filed a "Motion to Exclude From Evidence," (Doc. 37), which he intends, it is assumed, to be a motion to suppress. The two motions are, almost word for word, identical. Additionally, the defendant Comage has adopted Hickey's motion to suppress; *see*, Order, Document 43. These motions have been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. A hearing was held on April 21, 2011.

The issue presented by these motions is one of law only, and for that reason no testimony was received.

On December 10, 2010, Investigator Bill Mitchell of the Johnson City Police Department applied to Judge James Nidiffer of the General Sessions Court of Washington County for a warrant to search rooms 241 and 245 of the Motel 6 at 207 East Mountcastle Drive in Johnson City. Finding probable cause to believe evidence of drug trafficking would be found in those motel rooms, Judge Nidiffer issued the warrant.

According to the motions, the defendant Douglas had rented room 245 and he and Hickey had stayed overnight in that room. When the officers appeared at the room door to execute the warrant, all the defendants in this case were in the room. The door to the room was locked, and the "night chain" also was on the door. According to the motions, the executing officers had procured the key to the room from hotel management, and used that key to unlock the door latch. However, the safety chain prevented the door from opening more than just a few inches. Hickey recites in his motion that he immediately realized that the police were attempting to enter his room, and he "attempted to assist the officers" by telling them to shut the door so that the chain could be removed. The officers, so say the motions, repeatedly shoved against the chain in an attempt to break it, but finally allowed the door to be shut so that Hickey or one of his co-defendants could remove the chain.

The motions do not attack the issuance of the warrant on the basis of a lack of probable cause or any other deficiency in its issuance. Rather, the movants claim that the officers immediately used a key to open the door, rather than first knocking on the door and announcing their identities and purpose. They allege that all evidence seized as a result of the violation of the "knock and announce" rule should be suppressed.

The defendants cite a number of Circuit Court of Appeals cases from various circuits, including the Third and the Sixth, which stand for the proposition that evidence seized after a violation of the knock and announce rule should be suppressed, *e.g., United States v. Kane*, 637 F.3d 974 (3rd Cir. 1981); *United States v. Bates*, 84 F.3d 579 (6th Cir. 1999); *Dickerson v. McClellan*, 101 F.3d 1151 (6th Cir. 1996).

Hickey's counsel obviously did some research regarding the knock and announce rule as evidenced by his citations to the cases listed above, as well as others.[1] Thus, it is puzzling why he did not come across *Hudson v. Michigan*, 547 U.S. 586 (2006), in which the United States Supreme Court held that the exclusionary rule was not an available sanction for violations of the knock and announce rule. Nor did defendant cite to this court the Sixth Circuit Court of Appeals case of *United States v. Roberge*, 565 F.3d 1005 (6th Cir. 2009), in which the Court of Appeals held that "suppression is not a remedy for violation of the knock-and-announce rule," in light of *Hudson v. Michigan*, 565 F.3d at 1010.[2]

These defendants' motions to suppress are based solely on a violation of the knock and announce rule. Even if there was such a violation, suppression is not an available remedy, as a result of which the motions are essentially irrelevant.

It is respectfully recommended that defendants' motions (Docs. 35 and 37) be denied.[3]

Respectfully submitted,

               s/ Dennis H. Inman
               United States Magistrate Judge

---

[1] Counsel for Douglas just blindly copied Hickey's motion and brief, without doing any independent research. But he signed the motion and the accompanying brief, and he is equally charged with the responsibility of insuring the accuracy of legal argument within the brief.

[2] The defendants cannot argue they are arguing for a "modification" of the law since they failed to cite to the court the very case (*Hudson*) which necessarily must be "modified."

[3] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).