UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MARCUS DEVONE COMAGE, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:11-CR-06 |
| | ) | 2:14-CV-62 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a pleading filed by the petitioner, Marcus Devone Comage, ("Comage" or "petitioner"), entitled "Memorandum Of Law In Support Of Motion To Vacate, Conviction And Sentence Under 28 U.S.C. § 2255(f)(3) & 2255(f)(4) Alleyne v. United States, U.S. No. 11-9335," [Doc. 118].[1] Petitioner has not filed a corresponding motion pursuant to § 2255; however, the Court will construe his memorandum as a § 2255 motion. The government has responded in opposition, [Doc. 130], and no reply has been filed by the petitioner. This matter is ripe for disposition. The Court has determined that the files and records in the case conclusively establish that the petitioner is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary. For the reasons set forth herein, petitioner's § 2255 motion lacks merit, and the motion will be DENIED and the case (No. 2:14-CV-62) will be DISMISSED.

I.  **Procedural and Factual Background**

Petitioner, along with four co-defendants, was indicted by a federal grand jury on January 12, 2011, [Doc. 3]. Petitioner was charged in all five counts of the indictment. In Count One he

---

[1] All docket numbers refer to the docket sheet in No. 2:11-CR06.

1

was charged with conspiracy to distribute and possess with intent to distribute 28 grams or more of crack cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). In Counts Two, Three and Four, Comage was charged with distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). He was charged in Count Five with possession of crack cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). The United States subsequently filed an information to establish prior conviction pursuant to 21 U.S.C. § 851, giving notice of its intent to seek enhanced punishment by virtue of petitioner's November 7, 2007 conviction for manufacture and/or delivery of 1-15 grams of cocaine. [Doc. 33]. On May 26, 2011, petitioner gave notice of his intent to plead guilty to Count One of the indictment, [Doc. 67], and on May 27, 2011, a written plea agreement was filed with the Court. [Doc. 68]. On the same day, petitioner pled guilty, pursuant to the plea agreement, to Count One of the indictment, [Doc. 70]. During the change of plea hearing, petitioner admitted to the factual stipulation contained in his plea agreement and specifically admitted that he was convicted on November 7, 2007, of manufacture and/or delivery of cocaine in Fayette County, Illinois in case No. 2007CF150, as alleged by the government's information. A sentencing hearing was set and a presentence investigation report ("PSR") was ordered.

On December 12, 2011, petitioner appeared before the Court for sentencing, [Doc. 103]. He was sentenced to the mandatory minimum of 120 months and the Court's judgment, [Doc. 106], was filed on December 28, 2011. Petitioner filed no direct appeal to the Sixth Circuit Court of Appeals. Petitioner then filed his § 2255 "Memorandum" on March 3, 2014, [Doc. 118].

**II.    Standard of Review**

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment

2

was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo,* 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson,* 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying Brecht to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands

3

of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), cert. denied, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

**III.    Analysis**

Petitioner raises a single issue in this § 2255 motion. He asks the Court to vacate his sentence and conviction in light of the Supreme Court's decision in *Alleyne v. United States*, -- U.S. --, 133 S. Ct. 1251, 186 L. Ed. 2d 314 (2013). He bases his request on an allegation that his prior conviction for a drug trafficking offense was not submitted to the jury and that judicial fact finding was improper under the Supreme Court's decision. He uses virtually all of his memorandum to address the timeliness of his motion. The United States has responded and argues that the motion is untimely and that, in any event, petitioner's reliance upon *Alleyne* is misplaced. The Court agrees with the government.

The motion is barred by the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244, and no basis appears for the Court to apply equitable tolling. But even if not time-barred, the motion clearly fails on the merits. The Supreme Court held, in *Alleyne*, in a plurality decision, that "[f]acts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt," overruling its previous decision in *Harris v. United States*, 546 U.S. 545 (2002). *Alleyne*, however, is not retroactively applicable to cases on collateral review. *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014). Even if it were, *Alleyne* does not require that a defendant's prior convictions, even where they increase the mandatory minimum, be submitted to a jury. *United States v. Nagy*, 760 F.3d 45, 48 (2014) (holding that *Alleyne* "leaves no doubt"

4

that *Almendarez-Torres v. United States*, 523 U.S. 224, 246-47 (1998), is still good law and rejecting petitioner's argument that a prior conviction is an element of the offense that must be submitted to the jury). Furthermore, the petitioner's knowing admission of facts necessary for an enhanced sentence dooms his *Alleyne* claim. *United States v. Johnson*, 732 F.3d 577, 584 (6th Cir. 2013) ("*Alleyne*'s extension of *Apprendi* [ *v. New Jersey*, 530 U.S. 466 (2002)] to facts that increase a minimum statutory sentence left undisturbed our decision holding that a defendant's knowing admission of facts necessary for an enhanced sentence is fatal to his *Apprendi* claim. *See* [*United States v.*] *Yancy*, 725 F.3d [596], [ ] 601 [6th Cir. 2013] (citing cases)). Therefore, petitioner's *Alleyne* claim, if not time-barred, is without merit in light of petitioner's specific admission of his prior conviction.

Petitioner also attached to his memorandum a Justice Department memorandum from the Attorney General to United States Attorneys which discusses the department's prosecution policy with respect *Alleyne*. Petitioner makes no argument with respect to the Justice Department memorandum. As the government points out, the memorandum creates no privately enforceable rights. *See United States v. $110,873.00 in U.S. Currency*, 159 Fed. App'x 649, 653 (6th Cir. 2005) ("Department of Justice Policy directives are not binding and do not create privately enforceable rights."). In short, petitioner has no cognizable claim as it relates to the Justice Department memorandum.

**IV. Conclusion**

For the reasons set forth above, the Court holds that neither petitioner's prosecution in this court nor his sentencing was in violation of the Constitution or laws of the United States and he is not entitled to an evidentiary hearing. His motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc.118], is DENIED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." After reviewing each of Petitioner's claims, the Court finds that reasonable jurists could not conclude that petitioner's claims are adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

A separate judgment will enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE